Argued and submitted May 23; resubmitted May 26, ballot title certified as modified
June 29, 1995

Robert CRUMPTON,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent,*

*and*

Ruth BENDL,
*Intervenor.*

(SC S42253)

896 P2d 1211

Paul Gamson, Portland, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski,

Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ruth Bendl, intervenor, filed a memorandum *pro se*.

GILLETTE, J.

.

**GILLETTE, J.**

This is an original proceeding in which petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2). Petitioner's arguments here are consistent with those that he made during the administrative process. We modify the ballot title and, as modified, certify it to the Secretary of State.

The Attorney General has certified the following ballot title:

"AMENDS CONSTITUTION:
NO VOTER-APPROVED TAXES WITHOUT
REGISTERED VOTERS' MAJORITY

"QUESTION:   Shall constitution bar passage of tax, tax increase or revenue measure submitted to voters unless majority of registered voters approve?

"SUMMARY:   This measure would amend the state constitution. The law now allows passage of a law that would impose or increase taxes or raise revenue by majority vote of those voting. This measure would bar voters from passing any such law unless a majority of the registered voters affected approve the law. The new requirement also would apply to new tax bases, votes to exceed a tax base, and issuance of new bonds for capital construction or improvements."

The essential nature of this measure will not be apparent to the voters from that ballot title. Under this measure, the outcome of future elections will *not* depend on those who actually vote in those elections. That fact is not made clear by the certified ballot title.

The measure erases the present, traditional rule, currently embodied in ORS 254.065(2),[1] that a majority of those voting will determine the outcome of an election. It

---

[1] ORS 254.065(2) provides in part:

"No measure shall be adopted unless it receives an affirmative majority of the total votes cast on the measure."

Petitioner argues that the voters should be made aware that the measure "would jettison the traditional rule * * * and it would substitute a new rule."

substitutes a new rule that a majority of those voters who actually vote do not determine the outcome of the election. Under the measure, all persons who are eligible to vote by reason of being registered to vote, including those who stay at home or at work and do not vote, nonetheless participate in the election. This is true because those eligible to vote are counted as part of the number out of which is derived the number constituting the 50 percent plus one that is needed to achieve a majority. Thus, votes that are not cast at all nonetheless will count as "no" votes.

The ballot title fails to inform the voters that a majority of those actually voting in an election no longer will control the outcome of revenue and revenue-related measures. Instead, under the measure, but unmentioned in the Caption, Question, or Summary of the proposed ballot title, the vote of those who are eligible but who do not vote will count just as heavily as the votes of those who do vote. That is a very significant change in the form of democratic electoral process used in this state.

The Attorney General's ballot title fails to reflect that the word "voters," as in "majority of registered voters," does not mean those who actually vote. The ballot title fails to reflect that the phrase "majority of registered voters" does not refer to a majority of those who vote. The word "registered" in that phrase does not impart that those not voting are to be counted. After all, a person cannot vote *now* unless "registered," and a measure does not pass now without a "majority." Thus, the proposed title may mislead. Many people will not be advised by the title of a significant change embodied in the text of the measure but not *effectively* signaled in the Caption or Question of the ballot title. The ballot title Caption, Question, and Summary fail to advise the voters of this significant change, which is the chief purpose and the subject of the measure.

This ballot title must make it clear that, for future passage of measures by voters, that fall within the measure, this measure will require 50 percent plus one of all registered voters, including those who do not vote, not 50 percent of all registered voters who vote. It fails to do so.

Accordingly, the Caption fails to "reasonably identify" the subject of the measure, as required by ORS 250.035(1)(a); the Question fails to plainly state the chief purpose of the measure, as required by ORS 250.035(1)(b); and the Summary fails to state the major effect, as required by ORS 250.035(1)(c). We modify the Caption, Question, and Summary to read as follows:

AMENDS CONSTITUTION:
COUNTS NON-VOTERS AS "NO" VOTES
ON TAX MEASURES

QUESTION: Shall constitution require counting those registered but not voting as "no" votes to determine majority outcome on revenue, tax measures?

SUMMARY: The law now allows passage of a law that imposes or increases taxes or raises revenue by majority vote of those voting. This measure would amend the constitution and bar voters from passing any such law unless majority of registered voters affected approve it. A registered voter's act of not voting has the same effect as a "no" vote. New requirement also would apply to new tax bases, votes to exceed a tax base, and issuance of new bonds for capital construction or improvements.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(9).